

———◆———

Mr. Mauritz A. Sterner, pro se.

Mr. Roger M. Adelman, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., at the time the brief was filed, John A. Terry and Robert M. Werdig, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mr. Harold H. Titus, Jr., U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, and TAMM and ROBINSON, Circuit Judges.

**Mauritz A. STERNER, Appellant,**

v.

**UNITED STATES.**

No. 24866.

United States Court of Appeals, District of Columbia Circuit.

Argued March 8, 1972.

Decided March 28, 1972.

PER CURIAM:

The sole question on appeal is whether the district court correctly dismissed appellant's complaint for lack of jurisdiction occasioned by an expiration of the statute of limitations. Mr. Sterner brought suit against the Government under the Federal Tort Claims Act, 28 U. S.C. §§ 1346, 2672–2680 (1964). The primary allegations found in appellant's complaint allege that the Department of Agriculture had been wrongfully using a paper sleeping bag developed by him; that the Department had infringed upon his property rights; and that there had

been a conversion of his property rights through misuse and misappropriation of a trade secret. Appellant was later given leave to amend his complaint enabling him to allege that the nature of the Government's acts constituted a continuing tort. The Government moved for dismissal of the complaint, asserting that appellant's claim was barred by the statute of limitations.

28 U.S.C. § 2401(b) was amended in July of 1966 to read as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, *of notice of final denial of the claim by the agency to which it was presented.* (Emphasis added.)

In the instant case appellant alleges that the torts in question took place on February 23 and 27, 1967. He served interrogatories on the Department and his only reply was a letter from John A. Baker, Assistant Secretary of the Department, on April 7, 1967. He filed suit on December 17, 1969. It is not clear to the court whether this letter was a notice of final denial of appellant's claim as required by 28 U.S.C. § 2401(b). Absent a showing that this letter, or some subsequent letter from the Department, did constitute a final denial as required by the statute, there is no basis for a dismissal of appellant's claim for want of jurisdiction.

Since disposition of this matter is made impossible by the absence of a complete record we must remand this case to the district court for a determination of whether there was a final denial of Mr. Sterner's claim by the Department of Agriculture. In so doing this court reaches no conclusion as to the substantive merits of appellant's case.

Remanded.